1  Jason S. Lohr (SBN 262267)
   Alec L. Segarich (SBN 260189)
2  LOHR RIPAMONTI & SEGARICH LLP
   140 Geary Street, 4F
3  San Francisco, CA 94108
   Telephone: (415) 683-7266
4  Facsimile: (415) 683-7267
   Email: jason.lohr@lrllp.com
5  Email: alec.segarich@lrllp.com

6  *Attorneys for Plaintiff and proposed Class Members*

7
                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION
9

10  STEPHANIE PRASAD, on behalf of          CASE NO.:
    herself, and on behalf of a class of those
11  similarly situated or aggrieved,        **CLASS, COLLECTIVE, AND
                                            REPRESENTATIVE ACTION FOR:**
12           Plaintiffs,
                                            1.  **Failure to Pay Overtime** (29 U.S.C. § 201 *et
13      v.                                      seq.*);
                                            2.  **Failure to Pay Wages** (Cal. Lab. Code §§ 510,
14  PINNACLE MANAGEMENT SERVICES               1194, IWC Wage Order 5-2001);
    COMPANY, LLC, and PINNACLE             3.  **Failure to Provide Meal Periods** (Cal. Lab.
15  PROPERTY MANAGEMENT                        Code §§ 226.7, 512, IWC Wage Order 5-2001);
    SERVICES, LLC,                          4.  **Failure to Provide Rest Periods** (Cal. Lab.
16                                             Code § 226.7, IWC Wage Order 5-2001);
             Defendants.                    5.  **Failure to Provide Itemized Wage Statements**
17                                             (Cal. Lab. Code §§ 226, 226.3, IWC Wage
                                               Order 5-2001);
18                                          6.  **Waiting Time Penalties** (California Labor Code
19                                             §§ 200-204)
                                            7.  **Unfair Business Practices** (Cal. Bus. & Prof.
20                                             Code § 17200 *et seq.*);
                                            8.  **Disability Discrimination** (Cal. Gov't Code §
21                                             12940 *et seq.*);
                                            9.  **Failure to Accommodate Disability** (Cal.
22                                             Gov't Code § 12940 *et seq.*);
23                                          10. **Failure to Engage in the Interactive Process**
                                               (Cal. Gov't Code § 12940 *et seq.*);
24                                          11. **Intentional Infliction of Emotional Distress.**
25
                                            **DEMAND FOR JURY TRIAL**
26

27

28

-1-

Plaintiff Stephanie Prasad ("Plaintiff") alleges, on behalf of herself and a class of those similarly situated, as follows:

### NATURE OF THE ACTION

1. This class, collective, and representative action case arises out of Pinnacle Management Services Company, LLC, and Pinnacle Property Management Services, LLC's ("Pinnacle's") systemic unlawful treatment of Plaintiff and other similarly situated current and former on-site property managers ("Property Managers"). Plaintiff alleges that she and other Property Managers throughout the United States: (i) were misclassified as exempt from the overtime protections of the federal Fair Labor Standards Act ("FLSA"); (ii) are entitled to unpaid wages from Pinnacle for work performed for which they did not receive any compensation, as well as overtime work for which they did not receive any overtime premium pay as required by law, and (iii) are entitled to liquidated damages pursuant to the FLSA.

2. Additionally, Plaintiff alleges that she and other Property Managers in California (i) were misclassified as exempt from the overtime protections of California Labor Code; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law; (iii) are entitled to meal and rest period premiums under Labor Code section 226.7 for Pinnacle's failure to provide meal or rest periods as required by the applicable Wage Order; (iv) are entitled to statutory damages for Pinnacle's failure to provide accurate itemized wage statements under Labor Code section 226; (v) will be entitled to civil penalties under the Labor Code Private Attorney General Act ("PAGA") once these claims have been administratively exhausted, and (vi) are entitled to restitution and an injunction under the Unfair Competition Law ("UCL") Business and Professions Code section 17200 *et seq.*

### THE PARTIES

3. Plaintiff STEPHANIE PRASAD is an adult individual residing in San Jose, California. Plaintiff has been employed by Defendants since May 18, 2016.

4. Defendant PINNACLE MANAGEMENT SERVICES COMPANY, LLC, on

-2-

knowledge and belief, is a Delaware limited liability company, with its principal place of business located in Addison, Texas.

5. Defendant PINNACLE PROPERTY MANAGEMENT SERVICES, LLC, on knowledge and belief, is a Delaware limited liability company, with its principal place of business located in Addison, Texas.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has diversity jurisdiction over the subject matter of the putative California Class' California state law claims under 28 U.S.C. § 1332(d) because at least one member of the plaintiff class is a citizen of a state different from Defendants' state of citizenship, and, upon information and belief, the matter in controversy exceeds $1,000,000. Additionally, this Court has supplemental jurisdiction over the subject matter of California Plaintiffs' California state law claims, under 28 U.S.C. § 1367(a), because they are so related to the FLSA claims as to form part of the same case or controversy.

7. This Court has jurisdiction over the Defendants because Defendants have sufficient minimum contacts with the Northern District of California so as to render the exercise of jurisdiction over Defendants by this Court consistent with traditional notions of fair play and substantial justice. Specifically, Pinnacle does business in the Northern District of California and Plaintiff was employed by Defendants in the Northern District of California as a Property Manager.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Intradistrict Assignment: Pursuant to N.D. Cal. Local Rule 3-2(c) and (e), intradistrict assignment to the San Jose Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Santa Clara County, California.

## FACTUAL BASIS OF CLAIMS

11. Plaintiff was hired on May 18, 2016, by Defendants as the Property Manager for

-3-

the apartment complex called "Domus on the Boulevard" located in Mountain View, California. Plaintiff lived and performed her duties onsite. Her employment ended on April 25, 2017.

12.     At all relevant times, Defendants regularly employed more than five employees.

13.     Plaintiff, while generally able to perform all of her duties without modification, suffers from type I diabetes, and occasionally required certain minimal accommodations to perform her duties. For example, on occasion Plaintiff required a slightly modified work schedule to perform her duties.

14.     The nature of Plaintiff's work as a Property Manager did not prohibit her from performing all job functions provided she was allowed certain reasonable accommodations, such as allowing her to alter her work schedule on occasion.

15.     The primary duties of Plaintiff's Property Manager job included:

     a.     A daily review of the property;

     b.     Resolving resident concerns and complaints;

     c.     showing apartments to potential renters;

     d.     Data entry;

     e.     Generation and compilation of various reports;

     f.     Various projects as assigned including, for example, soliciting bids from vendors, collecting pending invoices, making manual bank deposits, and walking the property with maintenance employees.

16.     Although Property Managers have a number of job duties, as outlined above, those responsibilities require no technical or specialized skills and no capital investment.

17.     Property Managers have no managerial responsibilities nor do they have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

18.     Property Managers do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by Regional Managers.

19.     Property Managers' primary duties consist of the duties articulated above. They

-4-

1  spend the majority of their working hours performing such tasks.

2      20.    Property Managers' duties do not relate directly to Defendants' management

3  policies or general business operations.

4      21.    Defendants willfully and deliberately misclassified Plaintiff, and on knowledge

5  and belief, all of its Property Managers as employees exempt from the overtime provisions of

6  the FLSA, and misclassified its California Property Managers as exempt from the overtime

7  provisions of the California Labor Code and Wage Order 5-2001, during at least four years

8  prior to the filing of this Complaint.

9      22.    During the relevant time period, Defendants were well aware that Property

10  Managers worked on average 50-60 hours per week.

11      23.    Based on this willful misclassification, Defendants justified requiring Property

12  Managers, like Plaintiff, to work hours well in excess of 40 per week during the relevant time

13  period, without any compensation (straight time or overtime) for hours worked beyond forty

14  each week, in violation of the FLSA.

15      24.    In part due to the lengthy hours Plaintiff was required to work, she began

16  experiencing health complications related to her disability.

17      25.    As a result of these complications, Plaintiff was placed on medical leave for two

18  weeks in October 2016.

19      26.    When Plaintiff returned from her brief medical leave, her position had been

20  filled by another employee and she was given a new position as a "Roving Manager."

21      27.    Defendants knew of Plaintiff's medical condition but nevertheless failed to

22  engage or participate in an interactive process to identify employment accommodations that

23  would have allowed Plaintiff to keep her job as the Property Manager at Domus.

24      28.    Defendants' reassignment of Plaintiff to the "Roving Manager" position was the

25  direct result of her medical condition and immediately followed her return from medical leave.

26      29.    As a result of this reassignment, Plaintiff was been harmed, because the Roving

27  Manager job was a demotion: it was temporary in nature, and she earned less money than she

28  had as a Property Manager. Plaintiff's employment ended completely on April 25, 2017.

## NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

31.     Pursuant to 29 U.S.C. § 216, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as on-site managers or floater managers in the United States at any time since three years prior to the filing of this Complaint (the "Collective Action Period") who were not paid for hours actually worked as well as for overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

32.     There are numerous similarly situated current and former on-site and roving property managers employed by Pinnacle throughout the country who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

33.     Plaintiff and other on-site and roving property managers, are similarly situated because they all had similar duties; performed similar tasks; were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically and properly exempted thereunder; were not so exempted; were subjected to similar pay plans; were required, suffered, or permitted to work, and did work, in excess of forty hours per week; and were not paid at a rate of one and one-half times their respective correct regular rates of pay for all such overtime hours worked.

## CALIFORNIA CLASS ACTION ALLEGATIONS

34.     Plaintiff seeks to proceed as a class action with regard to Plaintiff's California law claims, pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class of persons:

All persons employed by PINNACLE MANAGEMENT SERVICES COMPANY,

-6-

LLC, and PINNACLE PROPERTY MANAGEMENT SERVICES, LLC within the State of California as a Property Manager at any time within the four year period prior to the filing of the Complaint in this action.

35. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number would be based are presently within the sole custody and/or control of the Defendants. Upon information and belief, Pinnacle has employed over 100 Property Managers in California within the last four years.

36. Upon information and belief, a number of Property Managers have left employment with Defendants during the four year period prior to the filing of this Complaint. Most of these Property Managers would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

37. Plaintiff will fairly and adequately protect the interests of the putative California Class and have retained counsel experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the California Class.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual California Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the California Class members to individually seek redress for the wrongs done to them.

39. Common questions of law and fact predominate in this action because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to the California Plaintiffs and California Class members are:

    a. Whether Defendants employed Plaintiff and California Class members within the meaning of the FLSA, and the California Labor Code;

    b. Whether Defendants willfully misclassified Plaintiff and California Class members as exempt from the overtime provisions of the FLSA and California law;

-7-

c. Whether Defendants failed to pay Plaintiff and California Class members for all hours worked and whether they received no compensation, as well as no overtime compensation, for hours worked in excess of forty hours per workweek and hours worked in excess of eight hours per day, in violation of the FLSA and/or California law;

d. What proof of hours is sufficient where the employer fails in its duty to maintain accurate time records within the meaning of the FLSA and California law;

e. Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and California Class members;

f. Whether Defendants conduct is "unlawful," "unfair," or "fraudulent" under California Business & Professions Code § 17200 *et seq.*;

g. Whether injunctive relief, restitution and other equitable remedies, and penalties are warranted;

h. Whether Defendants are liable for all damages and prejudgment interest claimed hereunder; and,

i. Whether Defendants are liable for costs and attorneys' fees.

40. Plaintiff knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Failure to Pay Overtime**
**[29 U.S.C. §§ 201 *et seq.*]**
**(Brought by Plaintiff on Behalf of Herself and the Nationwide FLSA Plaintiffs)**

41. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

42. During the Collective Action Period, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

43. During the Collective Action Period, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

44. During the Collective Action Period, Defendants has or had annual gross revenues in excess of $500,000.

45. Plaintiff expressly consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). (See Exhibit A to this Complaint).

-8-

46.     During the Collective Action Period, Defendants had a policy and practice of misclassifying Property Managers, including Plaintiff and the Collective Action Members, as exempt under the FLSA.

47.     During the Collective Action Period, Defendants had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Property Manager for hours worked in excess of forty hours per workweek.

48.     As a result of Defendants' willful failure to compensate its Property Managers, including Plaintiff and the Collective Action Members, for all hours worked, as well as failing to pay them at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated and continue to violate the FLSA, including §§ 207(a)(1) and 215(a).

49.     As a result of Defendants' misclassification of Property Managers and its attendant failure to record, report, credit and/or compensate Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

51.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, is entitled to recover from Defendants unpaid wages, as well as overtime compensation; and an additional amount – equal to the unpaid wages and overtime – as liquidated damages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages**
**[Cal. Labor Code §§ 510, 1194, and Wage Order No. 5-2001]**
**(Brought by Plaintiff on Behalf of the California Class)**

52.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

-9-

53.     Since at least four years prior to the filing of this Complaint Defendants required Plaintiff and California Class members to work in excess of eight (8) hours per workday and forty (40) hours per workweek. However, Defendants failed to fully pay the overtime wages that California Plaintiffs and California Class members earned.

54.     California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

55.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

56.     During all relevant times, Defendants knowingly and willfully failed to pay overtime earned and due to Plaintiff and California Class members. Defendants' conduct deprived Plaintiff and California Class members of full and timely payment for all overtime hours worked in violation of the California Labor Code.

57.     Plaintiff, on behalf of herself and similarly situated California Class members, also requests further relief as described below.

**THIRD CAUSE OF ACTION**
**Failure to Provide Mandated Meal Periods**
**[Cal. Labor Code §§ 226.7 and 512, and Wage Order No. 5-2001]**
**(Brought by Plaintiff on Behalf of the California Class)**

58.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

59.     California Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

-10-

60.     The applicable Wage Order states in pertinent part, "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes …. If an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided." Labor Code § 226.7(a) explains that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

61.     Since at least four years prior to the filing of this action, Defendants failed to provide Plaintiff and California Class members meal periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 5-2001 because Defendants classified them as exempt from the meal period requirements.

62.     As a result of Defendants' willful and unlawful failure to provide Plaintiff and California Class members mandated meal periods, Plaintiff and the California Class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, and attorneys' fees and costs, under Labor Code § 1194.

63.     Plaintiff, on behalf of herself and similarly situated California Class members, also requests further relief as described below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Mandated Rest Periods**
**[Cal. Labor Code § 226.7, and Wage Order No. 5-2001]**
**(Brought by Plaintiff on Behalf of the California Class)**

64.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

65.     The applicable Wage Order states in pertinent part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

-11-

fraction thereof. . . . If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

66.     Since at least four years prior to the filing of this action, Defendants failed to provide Plaintiff and California Class members rest periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 5-2001 because Defendants classified them as exempt from the rest period requirements.

67.     As a result of Defendants' willful and unlawful failure to provide Plaintiff and California Class members mandated rest periods, Plaintiff and California Class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, plus interest thereon, attorneys' fees and costs.

68.     Plaintiff, on behalf of herself and similarly situated California Class members, also requests further relief as described below.

### FIFTH CAUSE OF ACTION
#### Failure to Furnish Accurate Itemized Wage Statements
[Cal. Labor Code §§ 226 and 226.3, and Wage Order No. 5-2001]
(Brought by Plaintiff on Behalf of the California Class)

69.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

70.     California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.

71.     During the period four years prior to the filing of this Complaint, Defendants willfully failed to furnish Plaintiff and the California Class members, upon each payment of

-12-

compensation, itemized wage statements accurately showing, at a minimum: gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.    During all relevant times, Plaintiff and the California Class members were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

73.    California Labor Code § 226(e) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation, up to $4,000. Pursuant to Labor Code § 226(g), Plaintiff and the California Class members are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

74.    Plaintiff and the California Class members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

75.    Plaintiff, on behalf of herself and similarly situated California Class members, also requests further relief as described below.

**SIXTH CAUSE OF ACTION**
**Waiting Time Penalties**
**[California Labor Code §§ 200-204]**
**(Brought by Plaintiff on Behalf of the California Class)**

76.    Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

77.    California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

78. Defendants failed to pay the earned and unpaid wages of all Plaintiffs within 30 days from the time such wages should have been paid under Labor Code §§ 201 and 202.

79. Defendants failed to pay the earned and unpaid wages of all Plaintiffs within 30 days from the time such wages should have been paid under Labor Code §§ 201 and 202.

80. Defendants failed to pay timely wages in accordance with Labor Code § 204.

81. As a consequence of Defendants' willful failure to timely compensate Plaintiffs and Class Members for all hours worked, the Plaintiffs and Class Members whose employment ended during the Class Period are entitled to penalties under Labor Code § 203, together with attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**Unfair Competition Law Violations**
**[Cal. Business & Professions Code § 17200 *et seq.*]**
**(Brought by Plaintiff on Behalf of the California Class)**

82. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

83. California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

84. Plaintiff brings this cause of action individually and as the representative of all others subject to Defendants' unlawful acts and practices.

85. During the four years prior to the filing of this Complaint, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, *inter alia*, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep required payroll records, and failing to pay all wages upon termination in violation of California law and/or the FLSA.

86. As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and California

-14-

Class members. Plaintiff and California Class members are therefore entitled to wrongfully withheld wages, including, but not limited to overtime compensation.

87. Plaintiff, on behalf of herself requests further relief as described below.

**EIGHTH CAUSE OF ACTION**
**Disability Discrimination**
**[Cal. Gov't Code § 12940 *et seq.*]**
**(Brought by Plaintiff on Behalf of Herself)**

88. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

89. Plaintiff timely filed a charge of discrimination against Defendants with the California Department of Fair Employment and Housing ("DFEH") on May 15, 2017. Plaintiff received her right to sue letter on May 15, 2017 and as a result is entitled to sue Defendants in California Superior Court pursuant to Government Code § 12965(b).

90. FEHA makes it unlawful for an employer to discriminate against an employee on the basis of the employee's physical disability.

91. Pinnacle engaged in unlawful employment practices in violation of FEHA by demoting Plaintiff from her position because of her disability.

92. Plaintiff is informed, believes, and alleges that her physical disability was a motivating factor in Defendants' decision to demote her and to commit other acts of discrimination against her. These actions violated Government Code §12940(a).

93. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

94. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish. The resulting damages are of an amount that will be proven at trial.

95. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount that will be proven at trial.

-15-

96.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount that will be proven at trial.

### NINTH CAUSE OF ACTION
**Disability Discrimination – Failure to Accommodate**
**[Cal. Gov't Code § 12940 *et seq*.]**
**(Brought by Plaintiff on Behalf of Herself)**

97.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

98.     At all times herein mentioned, Government Code § 12940(m) was in full force and effect, and was binding upon Defendants. Government Code §12940(m) provides that it is unlawful for an employer to fail to make reasonable accommodations for the known physical disability of an employee. Pinnacle failed to make reasonable accommodations for Plaintiff's disability. Instead of accepting Plaintiff's request for accommodation in the form of modified work duties or schedule, Defendants demoted Plaintiff.

99.     Plaintiff is informed and believes and thereon alleges her demotion is an unlawful employment practice in violation of Government Code § 12940 because she was demoted for requesting a reasonable accommodation of her disability.

100.     As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff sustained damages of loss of past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied by Defendants, all in an amount to be proven at the time of trial, but in excess of the jurisdictional minimums of this Court.

101.     As a further proximate result of the wrongful conduct by Defendants and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to her damage in an amount to be proven at the time of trial.

102.     In doing the acts herein alleged, Defendants acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights

-16-

and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

103. Plaintiff claims prejudgment interest on all those amounts, at the rate set by law, in an amount to be proven at the time of trial.

104. Plaintiff also claims attorney fees and costs incurred herein pursuant to Gov't. Code §12965.

**TENTH CAUSE OF ACTION**
**Disability Discrimination – Failure to Engage In the Interactive Process**
**[Cal. Gov't Code § 12940 *et seq.*]**
**(Brought by Plaintiff on Behalf of Herself)**

105. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

106. Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with an employee to determine an effective and reasonable accommodation for the employee's disability.

107. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine if an effective and reasonable accommodation for Plaintiff's known disability existed. Defendants, in fact, made no attempt to discuss Plaintiff's needs.

108. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount that will be proven at trial.

109. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish. The resulting damages are of an amount that will be proven at trial.

110. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount that will be proven at trial.

111. Plaintiff has also incurred and continues to incur attorneys' fees and legal

-17-

expenses in an amount that will be proven at trial.

## ELEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Brought by Plaintiff on Behalf of Herself)

112.    Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

113.    Plaintiff is informed and believes and thereon alleges that Defendants by and through their agents and employees, acted without regard to the health and safety of Plaintiff, and each of them treated Plaintiff in the deplorable manner alleged herein. That treatment and its surrounding consequences constituted extreme and outrageous conduct by Defendants.

114.    Plaintiff is informed and believes and thereon alleges that Defendants, standing in a position of authority over Plaintiff, acted with deliberation without regard to the health, safety, or well-being of Plaintiff and caused her severe emotional and physical distress.

115.    Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' extreme and outrageous acts, she suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants' acts were done with the willful knowledge that Plaintiff could suffer severe harm as a result.

116.    Plaintiff is informed and believes that the alleged acts directed toward the Plaintiff were carried out by Defendants' employees and managing agents in the scope of their employment with a conscious disregard of Plaintiffs' right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all members of the Nationwide FLSA Class, and California Class prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and

-18-

permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   B.  Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

   C.  Certification of this action as a class action pursuant to Rule 23 for the California Class members, and appointing Plaintiff as Class Representatives and their attorneys as Class Counsel;

   D.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California law;

   E.  Award of unpaid wages, as well as all overtime compensation, due under the FLSA and California law to Plaintiffs, the Collective Action Members, and the California Class members;

   F.  Award of liquidated damages to Plaintiff and Collective Action Members as a result of Pinnacle's willful failure to pay for all wages dues as well as overtime compensation pursuant to the FLSA;

   G.  Award of meal and rest period premiums to Plaintiff and California Class members for Pinnacle's failure to provide meal and rest periods;

   H.  Award of damages under California Labor Code section 226 for Pinnacle's failure to provide accurate itemized wage statements;

   I.  Award of special, compensatory and punitive damages to Plaintiff pursuant to California Government Code section 12940, *et seq*;

   J.  Award of pre-judgment and post-judgment interest;

   K.  Enjoin Pinnacle from violating California law as alleged above;

   L.  Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

   M.  Such other relief as this Court deems just and proper.

-19-

Dated: May 15, 2017

Respectfully submitted,

/s/ Jason S. Lohr

Jason S. Lohr
LOHR RIPAMONTI & SEGARICH LLP
*Attorney for plaintiff and proposed Class
Members*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-20-

# DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to a jury trial.

Dated: May 15, 2017                    Respectfully submitted,

                                        /s/ Jason S. Lohr
                                       _____
                                       Jason S. Lohr
                                       LOHR RIPAMONTI & SEGARICH LLP
                                       *Attorney for plaintiff and proposed Class Members*

EXHIBIT A

**PLAINTIFF CONSENT FORM**
**FLSA ACTION AGAINST PINNACLE MANAGEMENT SERVICES**
**COMPANY, LLC ET AL.**

1. I hereby consent to join the legal action against Pinnacle Management Services Company, LLC, Pinnacle Property Management Services, LLC and related entities and/or individuals to assert claims for overtime pay and/or minimum wage pay.

2. I choose to be represented by Lohr Ripamonti & Segarich LLP in this action, and to be bound by their decisions in the litigation as my representatives.

3. During the past three years, there were occasions when I worked over 40 hours per week as a Property Manager and did not receive overtime compensation and/or minimum wage pay.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert claims against Pinnacle Management Services Company, LLC and related entities for overtime pay and/or minimum wage pay.

5. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: ___March 17, 2017___

_____
Signature

_____
Stephanie Prasad
Print Name