UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| STEPHANIE PRASAD, | Case No.17-cv-02794-VKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND STAYING ACTION PENDING ARBITRATION** |
| PINNACLE PROPERTY MANAGEMENT SERVICES, LLC, | |
| Defendant. | Re: Dkt. No. 23 |

## I. FACTUAL AND PROCEDURAL BACKGROUND

After submitting an online job application, plaintiff Stephanie Prasad was hired in May 2016 by Pinnacle Property Management Services, LLC ("Pinnacle")[1] as a property manager for the Domus on the Boulevard apartment complex in Mountain View, California. Her employment was terminated just under a year later. Ms. Prasad says that she suffers from type I diabetes and generally was able to perform her work duties, but occasionally required certain accommodations, such as a modified work schedule. She claims that, due in part to lengthy work hours, she began experiencing health complications related to her diabetes. Ms. Prasad was placed on medical leave for two weeks in October 2016. Upon her return, Ms. Prasad says her position was filled by another employee, and that she was given a new position as a "Roving Manager." Ms. Prasad considered this reassignment a demotion because she says it was temporary in nature and she earned less money than she did as a property manager.

---

[1] Pinnacle says that it erroneously was sued as "Pinnacle Management Services Company, LLC." After the present motion was filed, the parties stipulated to the dismissal of "Pinnacle Management Services Company, LLC." Dkt. No. 38. Accordingly, Pinnacle is the sole named defendant in this matter. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Claiming that Pinnacle misclassifies its property managers as exempt from overtime pay, Ms. Prasad filed this putative class, collective, and representative action against Pinnacle, asserting eleven claims for relief, seven of which are class/collective/representative claims for relief: (1) failure to pay overtime, FLSA, 29 U.S.C. §§ 201, *et seq.*; (2) failure to pay wages, Cal. Lab. Code §§ 510, 1194, IWC Wage Order 5-2001; (3) failure to provide meal periods, Cal. Lab. Code §§ 226.7, 512, IWC Wage Order 5-2001; (4) failure to provide rest periods, Cal. Lab. Code § 226.7, IWC Wage Order 5-2001; (5) failure to provide itemized wage statements, Cal. Lab. Code §§ 226, 226.3, IWC Wage Order 5-2001; (6) waiting time penalties, Cal. Lab. Code §§ 200-204; and (7) unfair business practices, Cal. Bus. & Prof. Code § 17200, *et seq.* The remaining four claims are Ms. Prasad's individual claims for relief: (8) disability discrimination, Cal. Govt. Code § 12940, *et seq.*; (9) failure to accommodate disability, Cal. Govt. Code § 12940, *et seq.*; (10) failure to engage in the interactive process, Cal. Govt. Code § 12940, *et seq.*; and (11) intentional infliction of emotional distress.

Pinnacle moved to compel arbitration pursuant to an Issue Resolution Agreement ("IRA" or "Agreement") it claims Ms. Prasad assented to and signed when she applied for employment with the company. Ms. Prasad argued that she never signed the IRA and that the Agreement is unenforceable and unconscionable in any event.

The Court previously ruled that Ms. Prasad entered into an arbitration agreement with Pinnacle. Dkt. No. 21. Because Ms. Prasad's arguments about the unenforceability and unconscionability of the IRA depended, at least in part, on the Ninth Circuit's decision in *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), which was then before the U.S. Supreme Court for review, this Court deferred ruling on those issues and granted Pinnacle's motion to stay the action pending the Supreme Court's decision.

The Supreme Court's decision, *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), issued on May 21, 2018. On May 29, 2018, this Court lifted the stay of the present action and gave both sides an opportunity to submit supplemental briefs regarding *Epic*. Dkt. No. 22. Ms. Prasad filed a supplemental brief. Pinnacle did not.

Meanwhile, on May 30, 2018, Ms. Prasad filed the present motion for leave to file a First

Amended Complaint ("FAC"). She would like to add one additional claim under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq*.

PAGA permits an "aggrieved employee"[2] to bring an action on behalf of herself, and other current or former employees, to recover civil penalties for violations of the California Labor Code. Cal. Lab. Code § 2699(a). Before proceeding with a PAGA claim, the employee must first "give written notice by online filing with the Labor and Workforce Development Agency [LWDA] and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." *Id*., § 2699.3(a)(1)(A). Upon receipt of notice from the LWDA that the agency does not intend to investigate the alleged violations—or if no such notice is provided within 65 days after the employee's letter is mailed to the LWDA—the employee may file a civil action under PAGA. *Id*. § 2699.3(a)(2)(A).

Pinnacle opposes Ms. Prasad's motion for leave to file an FAC on the grounds that the amendment is sought in bad faith and is untimely. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants Ms. Prasad's motion to file an FAC, and also grants Pinnacle's request to stay this action pending arbitration of Ms. Prasad's individual claims.[3]

## II.  LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue

---

[2] For PAGA purposes, an "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

[3] The Court will concurrently issue its separate order granting Pinnacle's motion to compel arbitration. As discussed in that order, Ms. Prasad cannot maintain the class, collective and representative claims asserted in her original complaint, and her individual claims are subject to arbitration.

3

prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

### A. Bad Faith and Undue Delay

Pinnacle argues that the timing of the present motion to amend demonstrates that it was filed in bad faith. In Pinnacle's view, Ms. Prasad could have (and should have) sought to add a PAGA claim much sooner than she did, and that her proposed amendment is simply a tactic to avoid her contractual obligation to arbitrate her claims. Here, Pinnacle argues that Ms. Prasad did not start the PAGA pre-filing notice process until eight months after the original complaint was filed, and only after the Court issued its order finding that she had entered into an arbitration agreement. Additionally, Pinnacle observes that Ms. Prasad did not file the present motion to amend her complaint until after the U.S. Supreme Court issued its *Epic* decision in May 2018.

Ms. Prasad maintains that neither the Court's interim order on Pinnacle's Motion to Compel Arbitration nor the *Epic* ruling had any impact on her decision to bring a PAGA claim. She points out that the original complaint expressly asserted "entitle[ment] to civil penalties under the Labor Code Private Attorney General Act ('PAGA') once these claims have been administratively exhausted . . . ." Dkt No. 1, Complaint at 2:21-22. Further, Ms. Prasad says that she did not delay seeking leave to add the PAGA claim. She notes that by March 23, 2018, i.e., the expiration of the 65-day period after she mailed her letter to the LWDA, the agency did not say that it intended to investigate the alleged violations. Dkt. No. 23-2, Declaration of Alec Segarich ("Segarich Decl.") ¶ 2. Thus, at that point, Ms. Prasad was free to file her PAGA claim. Cal. Lab. Code § 2699.3(a)(2)(A). Additionally, Ms. Prasad's counsel, Alec Segarich, avers that on April 19, 2018, while this case was still stayed, he emailed defense counsel to ask if they would stipulate to the filing of the proposed FAC while the parties waited for the Supreme Court's ruling in *Epic*. Segarich Decl. ¶ 3. Mr. Segarich says he never received a response. *Id.* Accordingly, Ms. Prasad says that she filed the present motion as soon as she could, one day after the stay was lifted.

4

On this record, the Court finds no basis to conclude that Ms. Prasad unduly delayed or acted in bad faith in bringing the present motion to amend.

### B. Futility

Pinnacle argues that any PAGA claim would be futile because Ms. Prasad's letter to the LWDA failed to satisfy the pre-filing notice requirement. Pinnacle contends that Ms. Prasad did not provide sufficient facts and legal theories to support the violations alleged in the letter. Moreover, Pinnacle argues that the PAGA claim should have been filed by June 29, 2018 and that it is now too late for Ms. Prasad to seek to add that claim to this litigation.

Ms. Prasad contends that her PAGA letter is sufficiently detailed. She further argues that the PAGA claim relates back to the original complaint, and that she is entitled to equitable tolling, in any event, due to the prior stay of these proceedings.

#### 1. PAGA Letter Requirements

As discussed above, before proceeding with a PAGA claim, an employee must first "give written notice by online filing with the [LWDA] and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1)(A). A PAGA letter that simply contains legal conclusions, without any supporting facts or theories, is insufficient and will not satisfy the pre-filing notice requirement. *See Alcantar v. Hobart Service*, 800 F.3d 1047, 1057 (9th Cir. 2015) (concluding that the plaintiff's letter—"a string of legal conclusions with no factual allegations or theories of liability to support them—is insufficient to allow the [LWDA] to intelligently assess the seriousness of the alleged violations."); *see also Sinohui v. CEC Entm't., Inc.*, No. EDCV 14-2516-JLS (KKx), 2016 WL 3406383, at *4 (C.D. Cal., June 14, 2016) (concluding that the plaintiff's letter merely provided a string of legal conclusions and that the only "facts" identified regarding plaintiff's job title and dates of employment "are not facts that identify the alleged violation and do nothing to distinguish [plaintiff's] letter from the letter in *Alcantar*."). Thus, to provide adequate notice under Cal. Lab. Code § 2699.3(a), a PAGA pre-filing letter "must allege at least some 'facts and theories' specific to the plaintiff's principal claims; merely listing the statutes allegedly violated or reciting the statutory requirements is

5

insufficient." *Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK (SSx), 2013 WL 3887873, at *3 (C.D. Cal., July 3, 2013).

A portion of Ms. Prasad's notice letter recites the statutes allegedly violated and the pertinent statutory requirements. Dkt. No. 26-1, Declaration of Amelia Sanchez-Moran ("Sanchez-Moran Decl.") ¶ 3, Ex. 1. Unlike the notice letters at issue in *Alcantar*, *Sinohui* and *Ovieda*, however, Ms. Prasad's letter is not solely comprised of legal conclusions. It does contain some facts about her specific job duties, hours worked and legal theories to support the alleged violations. The letter states, in relevant part:

> Ms. Prasad and other Property Managers' primary duties included: (i) daily review of their assigned property; (ii) resolving resident complaints and concerns; (iii) showing apartments to potential renters; (iv) data entry; (v) generating reports for Pinnacle; and (vi) other assigned projects, such as soliciting bids from vendors, collecting invoices, making bank deposits, and walking the property with maintenance employees. None of these job duties, which comprised the majority of Property Managers' time worked, required technical or specialized skills or capital investment.
>
> Property Managers have no managerial responsibilities, nor do they have the authority to hire or fire other employees, or to make recommendations about the hiring or firing of other employees. Their duties also do not relate directly to Defendants' management policies or general business operations. Likewise, Property Managers do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by Regional Managers.
>
> Pinnacle's Property Managers worked on average 50-60 hours per week. However, because Pinnacle classified Property Managers as exempt, it required them (including Ms. Prasad) to work hours well in excess of 40 per week or 8 hours per day during the relevant time period, without any compensation (straight time or overtime) for hours worked beyond forty each week, in violation of the Labor Code. Also on the basis of its misclassification, Pinnacle did not authorize or permit Property Managers to take meal or rest breaks despite them working sufficiently long shifts to be entitled to those breaks.
>
> Pinnacle did not maintain accurate records of the hours Property Managers worked, nor did it provide itemized wage statements reflecting their total hours worked, all applicable pay rates, and related items. Ms. Prasad and other Property Managers were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

Sanchez-Moran Decl., ¶ 3, Ex. 1 at 2. Pinnacle urges the Court to follow *Amey v. Cinemark USA, Inc.*, No. 13-cv-05669-WHO, 2015 WL 2251504 (N.D. Cal., May 13, 2015) and *Raphael v.*

6

*Tesoro Refining & Mktg. Co., LLC*, No. 2:15-cv-02862-ODW, 2015 WL 5680310 (C.D. Cal., Sept. 25, 2015). In *Amey*, the subject letters were found deficient because they failed to "provide at least some information regarding the theories relating to the alleged violations." 2015 WL 2251504 at *13. In *Raphael*, the court similarly rejected a letter that was found to be "almost identical in structure to that of *Amey*." 2015 WL 5680310 at *4. However, "[n]othing in Labor Code section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing." *Williams v. Super. Ct.*, 3 Cal.5th 531, 545 (2017); *see also Brown v. Cinemark USA, Inc.*, 705 Fed. App'x 644 (9th Cir. 2017) (same).

Ms. Prasad's PAGA notice letter is much more detailed than those that were deemed insufficient in *Alcantar*, *Sinohui*, *Ovieda*, *Amey*, and *Raphael*, and the Court finds that it also meets the standard applied in *Williams* and *Brown*. Pinnacle has not convincingly demonstrated that the PAGA claim would be futile for failure to comply with the statutory pre-filing notice requirements.

### 2. Statute of Limitations

Pinnacle nevertheless contends that Ms. Prasad's proposed amendment is futile because the PAGA claim will be filed outside the limitations period.

"A claim for civil penalties under PAGA is governed by a one-year statute of limitations." *Bush v. Vaco Techs. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *12 (N.D. Cal., May 2, 2018) (citing Cal. Code Civ. Proc. § 340(a)). However, PAGA exempts the 65-day pre-filing notice period from the limitations period. *Id*. "If the employee receives notice from LWDA in a period shorter than 65 days, the statute of limitations is tolled for the shorter period." *Id*. (citing Cal. Lab. Code § 2699.3(a)(2) and (d)).

Here, Ms. Prasad's complaint alleges that her employment with Pinnacle ended on April 25, 2017. Dkt. No. 1, Complaint ¶ 11. Because she did not receive notice from the LWDA within 65 days after she mailed her pre-filing letter to that agency, Pinnacle argues that Ms. Prasad had one year and 65 days from April 25, 2017—or until June 29, 2018—to file a PAGA claim. Pointing out that her motion to amend was not heard until after the limitations period ran, and

7

because it maintains that Ms. Prasad should have acted sooner with respect to her PAGA claim, Pinnacle argues that her proposed amended complaint will almost certainly be time-barred. Ms. Prasad argues, persuasively, that the PAGA claim is timely because it relates back to the original complaint, which was filed on May 15, 2017.

If an amended complaint would relate back to the original complaint under the law supplying the applicable statute of limitations, then it relates back under Fed. R. Civ. P. 15(c). Fed. R. Civ. P. 15(c)(1)(A); *Butler v. Nat'l Cmty. Renaisssance of California*, 766 F.3d 1191, 1200-01 (9th Cir. 2014). In *Waisbein v. UBS Fin. Servs., Inc.*, the court concluded that the plaintiff was entitled to amend his complaint to allege compliance with the PAGA pre-filing notice requirement, even though the amended pleading would be filed after the limitations period expired: "California courts have held, under analogous circumstances, that an exhausted claim, although alleged in an amended complaint filed after expiration of the statute of limitations, relates back to a prior timely-filed complaint based on the same set of facts." No. C07-2328 MMC, 2008 WL 753896, at *1 (N.D. Cal., Mar. 19, 2008) (internal quotations and citations omitted). Ms. Prasad's proposed FAC, which simply seeks to add a PAGA claim based on the same facts alleged in her original pleading, relates back to her original timely filed complaint.

Even if Ms. Prasad's PAGA claim could not be saved by the relation back doctrine, she would be entitled to equitable tolling during the period when this action was stayed. *See, e.g.*, *Castle v. Wells Fargo Fin., Inc.,* No. C06-04347 SI, 2007 WL 1105118, at *1-2 (N.D. Cal., Apr. 10, 2007) (equitably tolling the statute of limitations "in the interest of justice" in an FLSA action, while the case was stayed pending a decision in a matter pending before the California Supreme Court); *see also Koval v. Pac. Bell Tel. Co.*, No. C12-01627 CW, 2012 WL 3283428 (N.D. Cal., Aug. 10, 2012) (ordering that the statute of limitations would be tolled during a discretionary stay of the action based on the abstention doctrine).

### C. Stay of PAGA Claims Pending Arbitration

With respect to PAGA claims, the California Supreme Court ruled that PAGA waivers are unenforceable under California law. *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (2014). The Ninth Circuit subsequently held that the *Iskanian* rule is not preempted by the FAA.

*Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425 (9th Cir. 2015). In other words, the PAGA claim would not be subject to arbitration.[4] Thus, Pinnacle argues that even if Ms. Prasad's motion to amend is granted, the action should be stayed pending arbitration of her individual claims, pursuant to the FAA, which provides, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. On this point, Ms. Prasad agrees. Accordingly, the Court grants Ms. Prasad's motion for leave to file her FAC; however, the present matter will be stayed while the parties arbitrate Ms. Prasad's individual claims. During the stay, the Court will administratively close this case, signifying only that the matter is being removed from the Court's docket of active litigation. Any party may move to reopen this matter should a change in circumstances warrant it. In any event, the parties shall provide the Court with a status report within 10 days of the completion of their arbitration.

## IV. CONCLUSION

Based on the foregoing, Ms. Prasad's motion for leave to file her FAC to add a PAGA claim is granted. Ms. Prasad is directed to promptly file her FAC asserting a PAGA claim. This matter, including the anticipated PAGA claim, will otherwise be stayed pending the parties' arbitration of Ms. Prasad's individual claims. The Clerk shall administratively close this file.

**IT IS SO ORDERED.**

Dated: September 25, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] Pinnacle also argued, for the first time at the hearing on this matter, that *Iskanian* conflicts with *Epic*. The Court does not reach that issue, which was not properly raised or briefed.