1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEPHANIE PRASAD,

              Plaintiff,

    v.

PINNACLE PROPERTY MANAGEMENT
SERVICES, LLC,

              Defendants.

Case No.  17-cv-02794-VKD

**ORDER (1) GRANTING MOTION TO
SEAL AND (2) GRANTING JOINT
MOTION TO APPROVE FLSA
SETTLEMENT**

Re: Dkt. Nos. 49, 50

Ms. Prasad filed this action, claiming that defendant misclassified its property managers as
exempt from overtime pay.  She asserted a claim for failure to pay overtime under the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as several state law claims for wage-
and-hour violations and disability discrimination.  The Court granted defendant's motion to
compel arbitration.  The parties subsequently advised that following a three-day arbitration
hearing, they agreed to a settlement.  They now request the Court's approval of the settlement of
Ms. Prasad's individual claim under the FLSA.  Dkt. Nos. 42, 43.  At the Court's request, the
parties submitted a status report and further briefing.  Dkt. Nos. 44-46, 50.  They also request that
the settlement agreement and portions of their briefing be filed under seal.  Dkt. No. 49.  The
matter is deemed suitable for determination without oral argument.  Civil L.R. 7-1(b).  The Court
grants the parties' motions as follows:

      The Court finds compelling reasons to grant the parties' motion to seal the settlement
agreement, matters concerning the parties' private arbitration proceedings, and portions of their

briefing disclosing either of those subjects.[1]  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

In determining whether an FLSA settlement warrants approval, "courts in this district apply the Eleventh Circuit's widely-followed standard set forth in *Lynn's Food Stores* and consider whether the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Dahl v. Bay Power, Inc.*, No. 20-cv-07062-HSG, 2021 WL 2313388, at *1 (N.D. Cal. May 28, 2021) (internal quotations and citation omitted); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

Having reviewed the parties' settlement agreement and supplemental briefing, the Court finds that the settlement of Ms. Prasad's FLSA claim is fair and reasonable.  This matter presented a genuine dispute whether Ms. Prasad was misclassified as an exempt employee.  The record indicates that by settling, each side has chosen to avoid the risk and expense of further litigation. Additionally, based on the explanation and calculations presented by the parties, the settlement amount received by Ms. Prasad is fair and reasonable, relative to her claimed damages, in exchange for the release of her claims.  *See* Dkt. Nos. 49-3, 49-4.[2]  Further, the record presented demonstrates that the settlement was the result of arms-length negotiations between the parties and their counsel.  *See* Dkt. No. 49-4 ¶ 9.

Accordingly, the Court grants the parties' joint request to approve their settlement, to the extent the settlement includes a release of Ms. Prasad's rights under the FLSA.  Further, pursuant to the parties' agreement, this action is dismissed with prejudice, with each side to bear its own

///

///

---

[1] The parties apparently intended to, but did not, include their settlement agreement with their supplemental briefing.  The Court will file under seal the copy of that agreement the parties previously lodged with the Court.

[2] The parties apparently intended to, but did not, submit a copy of the arbitrator's interim order. The Court therefore relies on Mr. Lohr's description of the arbitrator's rulings and findings, as set forth in Mr. Lohr's declaration.  Dkt. No. 49-4.

United States District Court
Northern District of California

attorneys' fees and costs.[3]

**IT IS SO ORDERED.**

Dated: April 6, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

---

[3] The parties also request dismissal without prejudice as to Ms. Prasad's claim under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.* However, no such claim has been asserted in this Court.  Although the Court granted Ms. Prasad leave to file an amended complaint to assert a PAGA claim (Dkt. No. 39), she never did so.